# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 20 757. |
| | : |
| 2,100 POUNDS, MORE OR LESS, OF | : |
| MEAT CARCASSES, PARTS OF | : |
| CARCASSES, AND MEAT FOOD | : |
| PRODUCTS, and 34,062 POUNDS, MORE | : |
| OR LESS, OF MEAT FOOD PRODUCTS | : |
| AND POULTRY PRODUCTS, | : |
| | : |
| Defendants *in rem.* | : |

## VERIFIED COMPLAINT FOR SEIZURE AND CONDEMNATION
### (LIBEL OF INFORMATION)

Plaintiff United States of America, through the United States Attorney for the Eastern

District of Pennsylvania, brings this civil seizure and condemnation action under 21 U.S.C.

§§ 467b and 673 and in accordance with Rule C ("In Rem Actions") of the Supplemental Rules

for Admiralty or Maritime Claims and Asset Forfeiture Actions (which supplement the Federal

Rules of Civil Procedure), and avers as follows upon information and belief:

### INTRODUCTION

1.     This action is brought *in rem* to enforce the provisions of 21 U.S.C. §§ 467b and

673 for the seizure and condemnation of 2,100 pounds of meat carcasses, parts of carcasses, and

meat food products and 34,062 pounds of meat food products and poultry products. These

articles have never been federally inspected, remain capable of use as human food, and were

intended for sale in commerce, all in violation of the Poultry Products Inspection Act ("Poultry

*Arrest Warrant + Notice of Action + Arrest signed + given to Counsel on 2/10/20*

Act"), as amended (21 U.S.C. § 451 *et seq.*), and the Federal Meat Inspection Act ("Meat Act"), as amended (21 U.S.C. § 601 *et seq.*).

2.      The Meat and Poultry Acts authorize the United States to proceed against, seize, and condemn the defendant articles "on a libel of information," with "the proceedings . . . [to] conform, as nearly as may be, to . . . proceedings in admiralty[.]" 21 U.S.C. §§ 476b(a)(1), (4); 21 U.S.C. §§ 673(a)(1), (4).

## JURISDICTION, THE PARTIES, AND VENUE

3.      The Court has jurisdiction over the subject matter and the *in rem* properties under 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. §§ 467c and 674.

4.      The United States Department of Agriculture's ("USDA") Undersecretary for Food Safety has delegated to the Administrator of USDA's Food Safety Inspection Service ("FSIS") the authority to administer and enforce the Meat and Poultry Acts.

5.      Plaintiff is the United States of America, on behalf of FSIS.

6.      The defendant meat carcasses, parts of carcasses, meat food products, and poultry products are all: (a) located at Miller's Organic Farm, 648 Millcreek School Road, Bird-in-Hand, Pennsylvania 17505; and (b) currently detained there by FSIS as authorized under 21 U.S.C. §§ 467a and 672. Amos Miller owns and operates Miller's Organic Farm and resides at the farm address.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1395, because violations of the Meat Act and the Poultry Act occurred—and defendants are located—in Lancaster County, Pennsylvania, which is within this District.

8.     Upon the filing of this complaint, plaintiff United States requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule C(3)(a), which the United States will execute upon the defendant articles under Supplemental Rule C(3)(b).

## FACTUAL ALLEGATIONS

### The Permanent Injunction Action and Order

9.     On April 19, 2019, the United States, on behalf of USDA FSIS, filed a complaint in the Eastern District of Pennsylvania to enjoin Miller's Organic Farm ("Miller's") and Amos Miller from continuing, without federal inspection, to slaughter, process, prepare, sell, offer for sale, transport, and/or offer to transport in commerce meat, meat food products, and poultry products that are capable of use as human food. *See USA v. Miller's Organic Farm and Amos Miller*, EDPA No. 19-cv-1435, Dkt. Entry No. 1.

10.     In that action, on November 19, 2019, the Honorable Edward G. Smith granted summary judgment in favor of the United States and permanently enjoined Amos Miller and Miller's, as well as persons "in active concert or participation with them," from violating the Poultry Act and the Meat Act. *See* Injunction Order in EDPA No. 19-cv-1435, Dkt. Entry No. 44 (Exhibit A hereto), at ¶¶ 7, 25. The Court specifically enjoined these parties:

a.     "from slaughtering livestock or poultry, and then preparing, processing, selling, transporting, and/or offering for sale or transport any meat, meat food products, or poultry products that are required to be USDA-inspected and USDA-passed unless they have been so inspected and passed," *id.* ¶ 7(a); and

b.     "from failing[,] . . . upon request of any authorized representative of the Secretary of Agriculture, and at all reasonable times, to afford to

3

representatives of USDA FSIS full and immediate access to Miller's meat and/or poultry-related facilities, inventory, and records[.]" *Id.* ¶ 7(c).

11.     The Court further ordered and recognized that "authorized representatives of USDA FSIS may—in accordance with applicable laws and regulations—detain, and seek judicial seizure of, any non-federally-inspected, adulterated, misbranded, or not-exempt-from-inspection meat, meat food product, or poultry product observed at Miller's Organic Farm that is in violation of 21 U.S.C. §§ 458, 461, 467c, 610, 674, or 676." *See* Injunction Order, ¶ 13; *see also id.* ¶ 21 ("This Order does not limit any rights or remedies available to the United States for any violation of the [Meat Act or the Poultry Act] and their respective regulations"); 21 U.S.C. §§ 467a, 672.

12.     The Injunction Order further provided: "This Order does not preclude [Amos Miller and Miller's] from promptly liquidating (solely to existing members of Miller's Organic Farm's buyer's club) any of Miller's Organic Farm's existing inventory that consists of meat food products and poultry products that were slaughtered, processed, and packaged before the [November 19, 2019] entry of this Order. By no later than 60 days after entry of this Order, however, defendants shall destroy any non-federally-inspected meat food product inventory and poultry product inventory that will not be kept solely for defendants' personal use. Such personal use amounts shall not exceed: (a) 300 pounds for cattle and 100 pounds for swine (see 9 C.F.R. § 303.1); and (b) 75 pounds for poultry (see 9 C.F.R. § 381.10)." *See* Injunction Order, ¶ 14.

### FSIS' Post-Injunction-Order Investigative Findings

13.     On January 22, 2020, FSIS investigators went to Miller's to determine whether Amos Miller and his farm were complying with the Injunction Order. The investigators observed refrigerated, freshly-cut-up beef carcasses that were initially unlabeled, were capable of use as

human food, and were believed by the investigators to be offered or intended for sale. The slaughtering and preparation of these carcasses had not been conducted under required USDA FSIS federal inspection. The investigators therefore detained the approximately 2,100 pounds of meat carcasses and affixed U.S. Detained Tag Number 44255 to the carcasses and parts of carcasses. *See* Declaration of FSIS Investigator Paul J. Flanagan (Exhibit "B" hereto), at ¶¶ 13, 16, 17, 20.

14.     Also on January 22, 2020, FSIS investigators sought to determine whether Amos Miller had timely and appropriately disposed of Miller's meat and poultry product inventory that predated entry of the Injunction Order and that under the Order was required to be destroyed or sold to Miller's Private Membership Association members (if not retained for Amos Miller's family's personal use, within limited quantities) by no later than January 19, 2020. FSIS investigators observed, however, in Miller's coolers and storage freezers, that approximately 34,062 pounds remained of such pre-November 19, 2019 meat food product and poultry product inventory that was capable of use as human food, and that had not been slaughtered or prepared under federal inspection. *See* Flanagan Declaration, ¶¶ 13-16.

15.     At that time, on January 22, 2020, Amos Miller represented to FSIS investigators that Miller's had offered for sale, or had sold, the entire 34,062-pound inventory to Anke Meyn, the operator of Pastured Farm Food Club, Palm Beach Gardens, Florida. Pasture Farm Food Club is one of the nationwide food Co-ops that places orders for Miller's meat food and poultry products on behalf of individuals who are Co-op members. Ms. Meyn has business ties to Miller's Organic Farm and operates the Amos Miller Organic Farm website at http://www.amosmillerorganicfarm.com/. *See* Flanagan Declaration, ¶¶ 13-15.

16.     To support his representation that he had sold the entire 34,062-pound inventory to Ms. Meyn, Amos Miller provided the FSIS investigators with only a handwritten invoice listing the meat food and poultry products and a purchase price. *See* Flanagan Declaration, ¶ 13.

17.     On January 24, 2020, FSIS detained the 34,062-pound inventory of non-federally-inspected meat food and poultry products with FSIS Detention Tag Numbers 129138, 129139, 120140, and 129141. *See* Flanagan Decl., ¶ 21.

18.     Because the 34,062-pound inventory is capable of use as human food and was slaughtered, prepared, and processed to be sold in commerce without the benefit of federal inspection, in violation of 21 U.S.C. § 610(a) and 21 U.S.C. § 458(a)(1), Pastured Farm Food Club and Ms. Meyn may not transport or sell these articles. The articles are ineligible to be offered for sale or transportation, transported, or sold in any way or distributed in commerce. *See* 21 U.S.C. § 610(c)(2); 21 U.S.C. § 458(a)(2)(B).

## CLAIM FOR SEIZURE AND CONDEMNATION

19.     The United States incorporates by reference as if fully stated here the averments contained in Paragraphs 1 through 18 of this Complaint.

20.     The defendant meat carcasses, parts of carcasses, meat food products, and poultry articles are subject to the provisions of the Meat Act and the Poultry Act because Miller's Organic Farm and Amos Miller: (a) slaughtered and/or processed these items, which are capable of use as human food; (b) packaged and stored the 34,062 pounds of meat food and poultry product inventory that had been slaughtered and processed before entry of the Injunction Order on November 19, 2019; and (c) on information and belief, intended to offer for sale and/or sold said articles in commerce.

21.     In violation of 21 U.S.C. §§ 458(a)(1) and 610(a), as well as the Injunction Order, the defendant meat carcasses, parts of carcasses, meat food products, and poultry products, which are capable of use as human food, were not slaughtered, processed, and/or prepared under federal inspection.

22.     The defendant meat carcasses, parts of carcasses, meat food products, and poultry products, because they are capable of use as human food, and because they were not federally inspected, are prohibited from sale, offer for sale or transportation, or receipt for transportation in commerce under 21 U.S.C. §§ 458(a)(2)(B) and 610(c)(2) as well as the Injunction Order.

23.     By failing to liquidate Miller's pre-Injunction-Order meat food and poultry product inventory within 60 days after November 19, 2019, Amos Miller and Miller's violated Paragraph 14 of the Injunction Order, which required them, by January 19, 2020, to: (a) destroy the products; (b) liquidate them "solely to existing members" of Miller's Organic Farm's buyers' club; or (c) retain only limited, specified quantities for Amos Miller's family's personal use.

24.     Based upon the facts set forth in the attached Declaration of FSIS Compliance Investigator Paul J. Flanagan, the defendant meat carcasses, parts of carcasses, meat food products, and poultry products are subject to seizure and condemnation.

WHEREFORE, plaintiff United States of America respectfully requests the Court:

A.      In accordance with Supplemental Rule C(3)(a), to issue a warrant for the arrest *in rem* of defendant carcasses, parts of carcasses, and products;

B.      To order that the defendant carcasses, parts of carcasses, and products be condemned and that, at all times during the pendency of this civil action, the United States hold the articles at their current Miller's Organic Farm location, for

7

disposition in accordance with 21 U.S.C. §§ 467b and 673 and Supplemental Rule

E(4)(b);

C.     In accordance with Supplemental Rule C, to give notice to interested parties to

appear and show cause why the seizure and condemnation should not be decreed;

and

D.     To grant the United States such other and further relief as this Court may deem

just and proper.


WILLIAM M. McSWAIN
UNITED STATES ATTORNEY


GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division


GERALD B. SULLIVAN
Assistant United States Attorney
PA I.D. No. 57300
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
(215) 861-8786
(215) 861-8618 (fax)


**OF COUNSEL:**
Sheila H. Novak, Assistant General Counsel
Tracey Manoff, Attorney
Marketing, Regulatory, and Food Safety Programs Division
Office of the General Counsel
U.S. Department of Agriculture
14th & Independence Ave., S.W. (South Bldg.)
Washington, D.C. 20250-1400

# VERIFICATION

I, Paul J. Flanagan, am a Compliance Investigator for the Compliance and Investigations Division, Office of Investigation, Enforcement, and Audit, Food Safety and Inspection Service (FSIS). I am assigned to the investigation of this matter. I verify, under penalty of perjury, and as further stated in my attached Declaration, that the facts in the Verified Complaint *in rem* of the United States are true and correct to the best of my knowledge as of the February 10, 2020 date of filing of the Verified Complaint, and are based upon information obtained by me and other FSIS investigators during our investigation of Miller's Organic Farm in our capacities as FSIS compliance investigators.

Paul J. Flanagan
Compliance Investigator
Compliance and Investigations Division
Office of Investigation, Enforcement and Audit
Food Safety and Inspection Service
U.S. Department of Agriculture

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,                    :
                                             :
                           Plaintiff,        :        CIVIL ACTION NO. 19-1435
                                             :
        v.                                   :
                                             :
MILLER'S ORGANIC FARM and AMOS               :
MILLER,                                      :
                                             :
                           Defendants.       :

## ORDER

**AND NOW**, this 19th day of November, 2019, after considering the United States' motion

for summary judgment, statement of undisputed material facts, and supporting memorandum of

law (Doc. No. 35), the defendants' memorandum of law filed in opposition to the motion and its

response to the government's statement of undisputed material facts (Doc. No. 36), the

government's reply brief (Doc. No. 37), and the entire record in this case; and, after a telephone

conference with the parties on November 12, 2019, the court hereby **FINDS** that:

1.      The United States of America, on behalf of the Food Safety and Inspection Service

("FSIS") of the U.S. Department of Agriculture ("USDA"), filed a complaint for permanent

injunction in this action on April 4, 2019 (Doc. No. 1);

2.      The United States requested permanent injunctive relief to enjoin the defendants,

Amos Miller and Miller's Organic Farm, from committing violations of the Federal Meat

Inspection Act, 21 U.S.C. § 601, et seq. ("FMIA"), and the Poultry Products Inspection Act, 21

U.S.C. § 451, et seq. ("PPIA") (collectively, "the Acts");

3.      Amos Miller and his wife own and operate Miller's Organic Farm ("Miller's"),

which is an unincorporated business located at 648 Millcreek Road, Bird-in-Hand, Pennsylvania;



PLAINTIFF'S
EXHIBIT

A

4. At its farm site, Miller's slaughters livestock or poultry, and then prepares, processes, stores, and/or distributes meat, meat food products, and poultry products;

5. Miller's sells its meat, meat food products, and poultry products that are subject to the Acts (known as "amenable products") for commercial purposes and for human consumption to consumers in Pennsylvania and throughout the United States;

6. Federal inspection is required at an establishment that slaughters livestock or poultry, and then prepares or processes amenable meat, meat food products, or poultry products that are capable of use as human food for interstate or foreign commerce, unless the establishment qualifies for an exemption from federal inspection (*see* 9 C.F.R. §§ 302.1, 381.6);

7. To date, Miller's has been operating its meat and poultry business without a USDA-FSIS Federal Grant of Inspection and (with rare exception) without taking its livestock and poultry for slaughter and processing to any federally inspected facility;

8. The defendants have not yet changed Miller's business model to attempt to qualify for an exemption from federal inspection under the Acts for any part of their operations (*see* 21 U.S.C. §§ 454, 464, 623, and 661; 9 C.F.R. §§ 303.1, 381.10); and

9. For meat, meat food products, and poultry products that it has sold to consumers to date, Miller's has included only the following labeling language, apart from the product name, "packed on" date, weight, and price: (a) "Miller's Organic Farm/Private Membership Association"; (b) "NOT FOR PUBLIC SALE"; and/or (c) "NOT FOR PUBLIC SALE/Private Membership Association.

Accordingly, it is hereby **ORDERED** as follows:

1. The motion for summary judgment filed by the plaintiff, United States of America (Doc. No. 35), is **GRANTED** under Federal Rule of Civil Procedure 56(a);

2.      The court has jurisdiction over the subject matter in the complaint and personal jurisdiction over all the parties;

3.      The complaint for permanent injunction states a cause of action against the defendants, Miller's Organic Farm and Amos Miller, under both the FMIA and the PPIA;

4.      The defendants, Amos Miller and Miller's Organic Farm, have been engaging in conduct, as set forth in the complaint, and, as the court finds above, that violates both the FMIA and the PPIA. Specifically, they have continued to violate:

a.      21 U.S.C. §§ 458(a)(1), 458(a)(2)(B), 610(a), and 610(c)(2), through slaughtering, preparing, processing, offering for sale, selling, offering for transport, and/or transporting, in commerce, meat, meat food products, and poultry products that the Acts require be federally inspected but that have not been federally inspected;

b.      21 U.S.C. §§ 458(a)(2)(A) and 610(c)(1), through selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, meat, meat food products, and poultry products that are capable of use as human food but that are misbranded at the time of such sale, transportation, offer for sale or transportation, or receipt for transportation, because, for example, the products, though intended for commercial sales, have not been federally inspected and lack accurate "federally inspected" label language that is required for commercially sold products; and

c.      21 U.S.C. §§ 460(b) and 642, through refusing to provide FSIS' authorized representatives with necessary access to Miller's meat-and-poultry-related facilities, inventory, and records;

5.      The United States' and the public's interests in food safety (as expressed in congressional findings and the Acts) will be irreparably injured absent permanent injunctive relief, and the defendants' interests do not countervail those interests;

6.      There is a cognizable danger that, based on the defendants' past and continuing conduct, they will, unless restrained by order of this court, continue to violate the Acts.

7.      The defendants are **PERMANENTLY ENJOINED**:

a.      from slaughtering livestock or poultry, and then preparing, processing, selling, transporting, and/or offering for sale or transport any meat, meat food products, or poultry products that are required to be USDA-inspected and USDA-passed unless they have been so inspected and passed;

b.      affirmatively to keep such records as will fully and correctly disclose all of defendants' meat-and-poultry-related business transactions as may be necessary for USDA FSIS to enforce the Acts effectively and as required under 21 U.S.C. §§ 460(b) and 642 and 9 C.F.R. §§ 320.1 and 381.175;

c.      from failing: (i) upon request of any authorized representative of the Secretary of Agriculture, and at all reasonable times, to afford to representatives of USDA FSIS full and immediate access to Miller's meat and/or poultry-related facilities, inventory, and records, including to allow such representatives to copy such records and to take reasonable samples of defendants' inventory upon payment of fair market value; (ii) to cooperate and not interfere with that access; and (iii) to refrain from harassing or intimidating FSIS representatives conducting reviews as required by 21 U.S.C. §§ 460(b), 461(c), 642, and 675; and

d.      from failing to comply with all requirements in the FMIA, PPIA, and their implementing regulations that apply to slaughtering livestock or poultry, and/or then preparing, processing, selling, transporting, or distributing meat, meat food products, or poultry products. These implementing regulations include, but are not limited to, those imposing requirements for: (i) inspection; (ii) labeling; (iii) sanitation (including sanitation performance standards and standard operating procedures); (iv) Hazard Analysis and Critical Control Point (HACCP) systems; and (v) *Listeria monocytogenes* and/or other pathogen sampling, testing, and other program obligations, as provided under 9 C.F.R. § 302.1 and 9 C.F.R. Parts 310, 317, 381, 412, 416, 417, 418, and 430;

8.      If Amos Miller or Miller's Organic Farm intends to slaughter, prepare, or process, for commerce, livestock or poultry products that require federal inspection: (a) Amos Miller will first contact FSIS' Philadelphia District Office (i) by phone at (215) 430-6231, (ii) by email to the FSIS OFO Philadelphia Grant Curator at Philadelphia.GrantCurator@fsis.usda.gov, or (iii) in person at the Lits Building, 701 Market Street, Suite 4100-A, Philadelphia, PA 19106, and apply for a Federal Grant of Inspection; (b) Amos Miller and Miller's Organic Farm will not slaughter livestock or poultry, and then prepare or process meat, meat food products, or poultry products, until FSIS issues a Federal Grant of Inspection; and (c) Amos Miller and Miller's Organic Farm will thereafter conduct such slaughtering, preparing, or processing activities under the conditions that FSIS and applicable law impose;

9.      Amos Miller and Miller's Organic Farm need not apply for a USDA Federal Grant of Inspection only if, beginning today, they will be taking *all* of Miller's Organic Farm's amenable livestock and poultry that are intended for human consumption and not otherwise exempt (in full compliance with Paragraph 10 below) to a federally inspected facility or facilities for slaughter

and processing. Any further processing of such federally inspected products by Amos Miller or

Miller's Organic Farm without federal inspection will be done as an exempt retail store in

accordance with 9 C.F.R. §§ 303.1(d) or 381.10(d). As an exempt retail store (if it becomes one),

Miller's Organic Farm will be:

      a.      able to use only federally inspected source materials in the preparation of

meat, meat food products, and poultry products (*see* 9 C.F.R. §§ 303.1(d), 381.10(d));

      b.      able to make sales directly to consumers of meat, meat food products, and

poultry products only in normal retail quantities (*see* 9 C.F.R. §§ 303.1(d) and 381.10(d));

      c.      bound by the Acts' adulteration and misbranding provisions, which apply

to articles that are exempted from federal inspection (*see* 21 U.S.C. §§ 453 and 601);

      d.      required to maintain records (such as bills of sale to consumers, and of any

raw ground beef production), as required by 9 C.F.R. §§ 320.1 and 381.175;

      e.      subject to Commonwealth of Pennsylvania and local (*i.e.*, county or city)

licensing requirements and applicable food codes; and

      f.      subject to, for Miller's Organic Farm's retail exempt operations, periodic

verification by FSIS, including verification that such operations are conducted in

accordance with the regulatory requirements for the retail store exemptions found in 9

C.F.R. §§ 303.1(d) and 381.10(d).

    10.     For any of Miller's Organic Farm's amenable livestock and poultry that are

intended for human consumption, that are not taken to a federally inspected facility for slaughter

and processing, and that are not further processed and sold in accordance with the retail store

exemption discussed in Paragraph 9, above, Amos Miller and Miller's Organic Farm need not

apply for a USDA Federal Grant of Inspection only if they cease their current business model and

conduct any slaughter of such livestock or poultry, and any processing or preparation of such amenable livestock and poultry, in accordance with this Order and under: (a) the Acts' "custom exemption" provisions, as specified in 21 U.S.C. § 623(a) (FMIA), 21 U.S.C. § 464(c)(1)(B) (PPIA), and implementing regulations at 9 C.F.R. §§ 303.1(a)(2)(b)(1-4), 381.10(a)(4), and 416; or (b) the PPIA's other exemption provisions for poultry operations, as specified in implementing regulations at 9 C.F.R. §§ 381.10(a)(5), (a)(6), and (a)(7).

No such slaughter, processing, or preparation of amenable livestock and poultry under an exemption stated in this Paragraph 10 shall begin unless and until Amos Miller and Miller's Organic Farm first develop and submit to the Director of FSIS' Enforcement and Litigation Division ("ELD"), Office of Investigation, Enforcement, and Audit, a detailed, written description of their proposed plan for exempt operations ("Exempt Plan"). After Amos Miller and Miller's Organic Farm submit an Exempt Plan to the ELD Director, no slaughter, processing, or preparation shall begin unless and until Amos Miller and Miller's Organic Farm obtain: (a) the ELD Director's approval of the Exempt Plan; or (b) on administrative appeal from any Exempt Plan non-approval by the ELD Director, a final USDA FSIS agency decision approving the plan; or (c) upon judicial review under the Administrative Procedure Act of any final agency decision disapproving the Exempt Plan, a judicial order approving the planned exempt operations.

FSIS' ELD Director shall issue a decision by no later than 90 days from the date that Amos Miller and Miller's Organic Farm submit to the ELD Director a proposed Exempt Plan. If the ELD Director does not approve the proposed plan, and if Amos Miller and Miller's Organic Farm administratively appeal that non-approval, USDA FSIS shall have no longer than 60 days from receipt of the appeal to decide that initial appeal. If that appeal also results in a non-approval, and if Amos Miller and Miller's Organic Farm further administratively appeal, USDA/FSIS shall have

no longer than 60 days from receipt of that second-level appeal to issue a final agency decision on the Exempt Plan.

If Amos Miller and Miller's Organic Farm obtain approval of an Exempt Plan, this Court, as provided in Paragraph 32 below, will retain jurisdiction to review defendants' compliance with the Acts.

Any Exempt Plan seeking approval of a custom exemption must demonstrate, and the defendants must ensure, that Miller's custom-exempt slaughter and processing operations will comply with the Acts' and their implementing regulations' custom-exempt provisions, including but not limited to requirements that:

    a.    For livestock or poultry that an owner delivers to Miller's Organic Farm or Amos Miller for slaughter and preparation by Miller's Organic Farm, and for the transportation of the carcasses, parts thereof, meat and meat food products of such livestock, or poultry products, Amos Miller and Miller's Organic Farm must ensure that all slaughter and processing is for the exclusive use of the animal owner(s), the household of the owner, the household's members, the owner's non-paying guests, and/or owner's employees (see 9 C.F.R. §§ 303.1(a)(2), 381.10(a)(4));

    b.    All sales transactions of such livestock or poultry must be completed while the animal is alive and before slaughter for any new owner;

    c.    Amos Miller and Miller's Organic Farm must maintain their livestock custom-exempt establishment under sanitary conditions in accordance with 9 CFR §§ 416.1-416.6, except for 416.2(g)(2)-(6);

    d.    Amos Miller and Miller's Organic Farm must prepare poultry products under such sanitary standards, practices and procedures as will result in the preparation of

products that are sound, clean, and fit for human food, in accordance with 9 CFR § 381.10(a)(4);

      e.     For all custom-slaughtered and custom-processed livestock carcasses, and for all further-processed meat products, Amos Miller and Miller's Organic Farm must properly mark, label, and package the carcasses and products as "Not for Sale" and continue to so identify them until delivery to the owner(s), in accordance with 9 C.F.R. § 303.1(a)(2)(iii);

      f.     Amos Miller and Miller's Organic Farm must not engage in the business of buying or selling any poultry products capable of use as human food;

      g.     For all custom-slaughtered and custom-processed poultry carcasses, and for all further-processed poultry products, Amos Miller and Miller's Organic Farm must properly mark, label, and package shipping containers so that they state: (i) each poultry owner's name; (ii) each poultry owner's address; and (iii) "Exempted – P.L. 90-492";

      h.     Amos Miller and Miller's Organic Farm must maintain records that: (i) fully disclose any pre-custom-slaughter or pre-custom-processing transfer of ownership of livestock or poultry (see 9 C.F.R. 320.1(a) and 381.175); (ii) show the numbers and kinds of livestock that Miller's custom-slaughters; (iii) show the quantities and types of products that Miller's custom-prepares; (iv) show the names and addresses of owners of custom-prepared products from livestock; and (v) are necessary, with regard to poultry products, to the effective enforcement of the PPIA (see 9 C. F.R. §§ 303.1 (b)(3) and 381.175-178);

      i.     Amos Miller and Miller's Organic Farm must not allow custom-slaughtered or custom-processed products to become adulterated or misbranded during processing, handling, storage, loading, unloading, or transportation (*see* 21 U.S.C. §§ 601, 453);

j.      Amos Miller and Miller's Organic Farm must comply with Commonwealth of Pennsylvania and local (i.e., county or city) licensing requirements and applicable food codes; and

k.      Amos Miller and Miller's Organic Farm must submit to periodic FSIS verification reviews, which will include on-site review of whether Miller's operations are being conducted in accordance with the statutory and regulatory requirements for the custom exemptions found in 21 U.S.C. §§ 623, 464 and 9 C.F.R. §§ 303.1, 381.10, and 416;

11.      Consistent with Paragraph 7.b above, Amos Miller and Miller's Organic Farm must maintain records of the sale and distribution of meat, meat food products, and poultry products intended for human consumption, including but not limited to records showing: (a) the names and addresses of persons and entities to whom products are sold or distributed; (b) the dates of sale or distribution; (c) the product types; and (d) the amounts or quantities. Defendants shall also maintain at least one copy of the following documentation with respect to their meat, meat food products, and poultry products: (a) all label(s) affixed to the products; (b) all labeling affixed to shipping containers; and (c) all labeling, brochures, website pages, and other materials used to promote, describe, or refer to the products. See 21 U.S.C. §§ 454, 661; 9 C.F.R. §§ 303.1(d), 320.1, 381.10(d), 381.175;

12.      Consistent with Paragraph 7.c above, and as necessary to conduct their regulatory responsibilities, USDA FSIS representatives shall have full and unimpeded access: (a) to examine Miller's Organic Farm's facilities, inventory, and records (including records described in Paragraphs 7.b, 9.d, 10, and 11, above); and (b) to copy records and take reasonable samples of inventory. "All reasonable times," as used in Paragraph 7.c, above, shall include any hours when

Miller's does business, including hours before dawn where applicable. USDA FSIS representatives shall present credentials to the most-responsible person on the premises. *See* 21 U.S.C. §§ 460, 642;

13.     In addition to the right of entry provided to USDA FSIS representatives in Paragraph 7.c, above, authorized representatives of USDA FSIS may—in accordance with applicable laws and regulations—detain, and seek judicial seizure of, any non-federally-inspected, adulterated, misbranded, or not-exempt-from-inspection meat, meat food product, or poultry product observed at Miller's Organic Farm that is in violation of 21 U.S.C. §§ 458, 461, 467c, 610, 674, or 676. *See* 21 U.S.C. §§ 467a, 672;

14.     This Order does not preclude defendants from promptly liquidating (solely to existing members of Miller's Organic Farm's buyer's club) any of Miller's Organic Farm's existing inventory that consists of meat food products and poultry products that were slaughtered, processed, and packaged before the entry of this Order. By no later than 60 days after entry of this Order, however, the defendants shall destroy any non-federally-inspected meat food product inventory and poultry product inventory that will not be kept solely for the defendants' personal use. Such personal use amounts shall not exceed: (a) 300 pounds for cattle and 100 pounds for swine (*see* 9 C.F.R. § 303.1); and (b) 75 pounds for poultry (*see* 9 C.F.R. § 381.10). Consistent with other provisions of this Order recognizing FSIS' access and examination rights, FSIS may inspect Miller's Organic Farm's meat and poultry facilities at any time after entry of this Order as necessary: (a) to determine the extent of such inventory and of defendants' compliance with this Paragraph 14 and other provisions of this Order; and (b) to detain, seize, and/or otherwise ensure appropriate disposition or destruction of such inventory;

15.     The parties have stated to the court their intention to cooperate with each other in fulfilling the requirements of this Order and of the law. If at any time the parties jointly agree that this Order should be modified to conform to changed circumstances or better to effect compliance, the parties may jointly submit a revised proposed Order to the court. Further, if at any time a party believes that another party is not complying with this Order, the complaining party, before formally seeking to enforce this Order by motion or petition, must: (1) first send a letter to the judge assigned to this civil action (by direct mail or email) that is no longer than 2 single-spaced pages and that outlines the dispute and requests a conference call with the court; and (2) refrain from filing an enforcement motion or petition until after the court either holds such a conference call or directs or allows the party to file its motion or petition;

16.     Except as provided in Paragraph 14, above (regarding sales of current inventory over the next 60 days), if the defendants sell, transport, or offer for sale or transport any non-federally-inspected meat, meat food product, or poultry product in violation of this Order, at any time after the entry of the Order by the court, the defendants shall, upon the first occasion of such violation, pay to the United States the sum of five hundred dollars for each pound, or portion thereof, of non-federally-inspected, misbranded meat, meat food product, or poultry product. For any subsequent violations, the defendants shall pay to the United States the sum of one thousand dollars for each pound, or portion thereof, of non-federally-inspected, misbranded meat, meat food product, or poultry product;

17.     If the defendants, in violation of this Order, fail to keep such records as will fully and correctly disclose the purchase, receipt, offer for sale, sale, transport, and/or any other transaction regarding non-federally-inspected, adulterated, or misbranded meat, meat food product, or poultry product involved in their business, the defendants shall upon the first occasion

of such violation pay to the United States of America the sum of five hundred dollars for each pound, or portion thereof, of adulterated or misbranded meat, meat food product, or poultry product for which no record or an inadequate record was maintained. For any subsequent violations, the defendants shall pay to the United States the sum of one thousand dollars for each pound, or portion thereof, of non-federally-inspected meat, meat food product, or poultry product for which no record or an inadequate record was maintained;

18.    If the defendants, in violation of this Order, fail to provide USDA FSIS with access to their meat or poultry facilities, inventory, or records that USDA FSIS requires to assess compliance, the defendants shall, upon the first occasion of such violation, pay to the United States of America the sum of two thousand, five hundred dollars for such violation. For each subsequent violation, the defendants shall pay to the United States the sum of five thousand dollars;

19.    The amounts set forth in Paragraphs 16, 17, and 18 shall be separate and apart from any other remedy that the United States may pursue for violations of this Order. Should enforcement proceedings beyond this Order be necessary, the defendants agree that the United States shall be entitled to recover from the defendants all court costs and expenses incurred by FSIS in such proceedings, including investigation and preparation time and attorneys' fees for the USDA and the United States Attorney's Office for the Eastern District of Pennsylvania;

20.    If the defendants disagree with a determination made by the USDA under Paragraphs 16, 17, or 18 of this Order, they may petition the court for an independent review of USDA's determination(s). Any such petition must be filed within 30 days of the USDA determination(s) for which review is sought. In reviewing USDA's determination(s), the court will apply the same standard of review applicable to review of final agency action under the Administrative Procedure Act, 5 U.S.C. § 701, et seq. In the absence of a timely petition for review,

USDA's determination(s) will become final and unreviewable. If the court denies the defendants' request, or otherwise affirms the USDA's determination(s) made under Paragraphs 16, 17 or 18 of this Order, the defendants will pay the costs and expenses incurred by the United States of America in any such court proceeding, within 30 days of service of a demand by the United States of America. Such expenses shall include, but not be limited to, expenses incurred by the FSIS in such proceeding, including investigation and preparation time, at the rate of $45.00 per hour per USDA employee. The defendants shall further be liable for such relief as the court deems appropriate in a proceeding brought either sua sponte or by the United States, for any failure to comply with any terms of this Order;

21.     This Order does not limit any rights or remedies available to the United States of America for any violation of the FMIA and/or the PPIA and their respective regulations, or any rights or remedies available to the United States of America for any criminal violations;

22.     The parties agree that nothing in this Order shall preclude any future regulatory or administrative action authorized by law, regulation or otherwise, including, but not limited to the referral of any matter to any agency for possible criminal, civil, or administrative proceedings;

23.     In the event of a subsequent violation of this Order by any defendant, this Order shall not be deemed a waiver of the right of the United States of America to seek relief for the violations alleged in the complaint;

24.     After the defendants have maintained substantial compliance with all requirements of this Order, as well as with applicable provisions of the FMIA and the PPIA, for a period of five (5) years following the entry of the Order, the defendants may serve upon the United States of America a request for termination of the Order ("Request for Termination"), explaining how they satisfactorily complied with all such requirements, together with all necessary supporting

documents. The parties shall thereafter confer informally concerning the Request for Termination and any disagreement that the parties may have as to whether the defendants have satisfactorily complied with the requirements for termination of the Order. If the United States agrees that the Order may be terminated, the parties shall submit, for the court's approval, a joint stipulation terminating the Order. If the United States does not agree that the Order may be terminated, the defendants may file a motion with this court seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, provided, however, that the defendants will not file any such motion until sixty (60) days after service of the Request for Termination on the United States of America. The defendants must bear the burden of demonstrating to the court that they have satisfactorily complied with all requirements of the Order and applicable provisions of the FMIA and PPIA, and that there is good cause to terminate the Order under Rule 60(b);

25.     In accordance with Federal Rule of Civil Procedure 65(d)(2), this Order binds the parties and Amos Miller's and Miller's Organic Farm's officers, agents, servants, and employees, as well as other persons who are in active concert or participation with them. Defendants must post this Order at Miller's Organic Farm and distribute it to all of Miller's employees, to food cooperatives with which Miller's does business, and to FarmMatch (which sells Miller's products);

26.     If, at any time while this Order remains in operation, Amos Miller transfers or assigns his interests in Miller's Organic Farm to another person or entity, Miller's Organic Farm's successor or assignee must comply with the obligations imposed by this Order;

27.     The obligations imposed by this Order run separately as to Miller's Organic Farm and Mr. Miller. If Miller's Organic Farm and Mr. Miller cease to be affiliated with one another at any time while this Order remains in operation, each must separately request termination of the Order from the other if it wishes to be relieved from the obligations imposed by the Order;

28.     The defendants shall be jointly and severally liable for any violations of the terms of the Order committed while Miller's Organic Farm and Amos Miller are affiliated with one another. Miller's Organic Farm and Amos Miller shall be severally liable for any violations of the terms of the Order committed during any period in which the defendants are not affiliated;

29.     Each party shall bear its own costs and attorney's fees for this proceeding to date;

30.     For the purposes of this Order, service upon the USDA and the United States of America must be accomplished by either hand delivery or by overnight delivery and shall be made to the following three addresses: (a) for the USDA: (i) Administrator, Food Safety and Inspection Service, U.S. Department of Agriculture, 1400 Independence Avenue SW, Whitten Building, Room 331-E, Washington, DC 20250; and (ii) Office of the General Counsel, U.S. Department of Agriculture, Room 107W, Whitten Building, 1400 Independence Avenue SW, Washington, D.C. 20250; and (b) for the United States of America: Attn: Gerald B. Sullivan, Assistant United States Attorney, Office of the U.S. Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476;

31.     If the defendants are required to make any payment pursuant to this Order, the defendants will make such payment pursuant to written instructions that the United States of America will provide;

32.     The court retains jurisdiction to issue further decrees and orders as may be necessary to construe, carry out, modify, or enforce compliance with this Order. Should the defendants fail to abide by and perform all the terms and conditions set forth herein or in such further orders as may be entered in this action, the United States of America shall apply only to this court for relief, and any alleged violation of this Order shall be adjudicated by the court; and

33.    The clerk of the court is **DIRECTED** to mark this action as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

## DECLARATION OF PAUL FLANAGAN

I, Paul Flanagan, under 28 U.S.C. § 1746, declare:

1.      I am a Compliance Investigator with the Compliance and Investigations Division, Office of Investigation, Enforcement and Audit, Food Safety and Inspection Service ("FSIS"). FSIS is a public health agency within the United States Department of Agriculture ("USDA"). I have been a USDA-FSIS employee since July 1992, and have held my current position since October 2004. Currently, I am assigned to FSIS' Philadelphia Compliance Sub-Office, Northeast Region.

2.      This declaration supports the United States' February 2020 civil Complaint for the seizure and condemnation of approximately 2,100 pounds of meat carcasses, parts of carcasses, and meat food products and approximately 34,062 pounds of meat food and poultry products, all of which are currently under FSIS detention at Miller's Organic Farm ("Miller's"), which is located at 648 Mill Creek School Road, Bird-in-Hand, Pennsylvania 17505. The United States' Complaint is based on the seizure and condemnation statutory provisions of the Federal Meat Inspection Act, as amended, 21 U.S.C. § 673, *et seq.* ("Meat Act"), and the Poultry Products Inspection Act, as amended, 21 U.S.C. § 451, *et seq.* ("Poultry Act").

3.      I base this declaration on: (a) my personal knowledge and experience; (b) information that I received orally or in writing during my investigation of Miller's and my interactions with Miller's owner, Amos Miller; and (c) other sources of information that I obtained during the course of my investigation.

4.      My official duties include conducting periodic in-person "verification reviews" of meat and poultry facilities. These reviews aim to assess compliance with sanitation, facility, recordkeeping, labeling, and other requirements under the Meat and Poultry Acts and related

1



regulations. I conduct these reviews at a variety of facilities, including "custom-exempt" facilities, warehouses, distribution centers, retail stores, and other facilities that slaughter livestock and/or handle, store, or distribute meat food and poultry products.

5.　　Both the Meat Act and the Poultry Act require FSIS to conduct daily monitoring and inspection activities at facilities that slaughter livestock and/or poultry and/or prepare meat food products for sale or distribution in commerce. FSIS does this to ensure that products are produced in a sanitary environment and that potential food safety hazards are identified and eliminated. Once these products are USDA-inspected and USDA-passed, they are labeled with Federal marks of inspection and can be sold in commerce.

6.　　Based on the information available to me through my verification reviews at Miller's, through my investigation of its business operations, through my review of its business records, through my interviews with Miller's business associates, and through Amos Miller's and Miller's Organic Farm's testimony at court proceedings and depositions in 2016 and 2019, I believe and understand that:

　　　　a.　　Amos Miller owns, operates, and resides at Miller's Organic Farm, which is located at 648 Millcreek School Road, Bird-in-Hand, Lancaster County, Pennsylvania 17505;

　　　　b.　　Miller's is the alter ego of Amos Miller and is organized as an unincorporated association that chooses to describe itself as a "private membership association";

　　　　c.　　Miller's has conducted the sale of meat, meat food products, poultry, and poultry products through Miller's on-line retail store, both (i) to its members who visit the store in-person; and (ii) to remote purchasers, throughout the United States, who place orders by telephone, email, and/or Miller's websites.

7.      Under the Meat and Poultry Acts, Miller's is required to conduct, under Federal inspection, all operations of slaughtering, preparing, processing, offering for sale, selling, offering for transportation, and transporting meat, poultry, meat food products, and poultry products that are capable of use as human food. The Acts strictly prohibit the sale, offer for sale, transport, and offer for transport of non-federally-inspected meat and poultry products.

8.      The Meat and Poultry Acts provide limited exemptions from inspection requirements for certain operations. These include (a) traditional and usual retail and restaurant operations; (b) slaughtering and preparing of animals for personal use; and (c) custom slaughtering and preparing of livestock, carcasses, parts, and meat food and poultry products. *See* 21 U.S.C. §§ 434, 464, 623 and 621. These limited exemptions must be conducted in strict compliance with statutory and regulatory requirements (including, but not limited to, sanitation and facility standards and recordkeeping, product packaging, and labeling requirements). These requirements ensure that articles exempted from inspection or not required to be inspected are not adulterated or misbranded. *See* 21 U.S.C. §§ 464, 623; 9 C.F.R. §§ 303.1, 381.10, 416.1-416.6.

9.      Miller's, with the exception of slaughter for personal consumption, does not qualify at this time for any exemption to the Meat and Poultry Acts.

10.     To date, Miller's has operated its meat and poultry operations without a USDA-FSIS Federal Grant of Inspection.

11.     On April 4, 2019, the United States, on behalf of FSIS USDA, filed a complaint in federal district court, in the Eastern District of Pennsylvania, to enjoin Miller's from continuing to slaughter, process, prepare, sell, offer for sale, transport and/or offer to transport

3

meat and poultry products, capable of use as human food, in interstate commerce (or in intrastate commerce, as Pennsylvania is a designated State under Meat Act and Poultry Act regulations) without benefit of Federal inspection. *See USA v. Miller's Organic Farm and Amos Miller*, EDPA No. 19-cv-01435, Dkt. Entry No. 1. The complaint documented the long history of Miller's unwillingness: (a) to comply with the Meat and Poultry Acts; and (b) to operate his meat and poultry business under Federal inspection.

12.     On November 19, 2019, the Honorable Edward Smith issued an Order in that action granting the United States' motion for summary judgment and ordering permanent injunctive relief against Miller's and Amos Miller. The Injunction Order provides, in part, that Miller's may not conduct meat and poultry slaughtering and processing operations without Federal inspection and may not sell uninspected meat and poultry products. The only narrow exception was provided in Paragraph 14 of the Injunction Order, which allowed Miller's to liquidate its then-existing inventory to members of its private membership association buyers' club within 60 days after entry of the Order (that is, by no later than January 19, 2020). For non-liquidated inventory remaining after the 60 days, Miller's was required to destroy the inventory, unless it was in a small amount intended solely for Mr. Miller's family's personal consumption.

13.     On January 22, 2020, I visited Miller's with FSIS compliance investigator Michael Ronczka to assess Miller's compliance with the Injunction Order and to conduct surveillance activities. I asked Amos Miller whether he had liquidated Miller's inventory of meat food and poultry products in accordance with Injunction Order Paragraph 14, because the 60-day window to sell and/or dispose of the remaining meat food and poultry product inventory had closed on January 19, 2020. He responded that, on January 18, 2020, he had sold the remaining inventory (approximately 34,062 pounds of meat food and poultry products) to Anke Meyn of

4

Pastured Farm Food Club, LLC ("Pastured Farm"), 240 Eagleton Lake Boulevard, Palm Beach Gardens, Florida. Mr. Miller showed me a handwritten invoice to "Pastured Raised Food Club" that listed different cuts, quantities, and prices of meat and poultry products. Though requested to do so, he did not provide actual proof of purchase. The subject inventory remained on the Miller's site.

14.     Pastured Farm advertises that its primary source of food is from Miller's Organic Farm. Pastured Fam sells meat food and poultry products through its on-line retail store, both: (a) to Pastured Farm/Miller's members who visit Pastured Farm's facility in-person; and (b) to remote purchasers, throughout the United States, who place orders by telephone, email and/or through Pastured Farm website: www.pasturedfarmfoodclub.com.

15.     FSIS believes that, contrary to the intended meaning of Paragraph 14 of the Injunction Order, any sale and/or transfer of meat food and poultry products by Miller's to Pastured Farm, even if actually made before the January 19, 2020 60-day deadline, was not made to individual consumers in normal retail quantities as required under 9 CFR §§ 303.1(d)(2)(ii) and 381.10.

16.     FSIS Investigators Flanagan and Ronczka observed and examined, while reviewing Miller's facility on January 22, 2020, the presence of the following articles:

      a.     In the cooler adjacent to the slaughter area, there were four freshly-prepared beef carcasses. These had been divided into seven halves (one half carcass was missing), with two of the seven tagged with the words "Pet Food," and the remaining five void of any marks of Federal inspection or any other labeling or identification. Based on my experience, I found these carcasses to appear relatively fresh, although I was unable to

5

determine an exact slaughter date because Mr. Miller refused to provide us with access to any slaughter records;

b.     Also in that cooler, there were several boxes of fresh ground beef products that Miller's identified as part of the inventory "sold" to Anke Meyn. These lacked any Federal mark of inspection; and

c.     In two freezers, one of which was adjacent to the slaughter area, there were boxes of meat food and poultry products that Miller's said were part of the inventory "sold" to Anke Meyn. These too lacked any Federal mark of inspection.

17.     After observing the freshly prepared livestock carcasses, I informed Amos Miller (as I had previously informed him on several occasions) that he is not permitted to slaughter livestock—or to prepare, process, sell, transport, and/or offer for sale or transport any meat food or poultry products—that are required to be USDA-inspected and passed unless they have been so inspected and passed. Mr. Miller's reply was that the carcasses are for "pet food," although the carcasses were not denatured.

18.     I am unaware of any evidence that Miller's is authorized to operate as a pet food manufacturer in Pennsylvania.

19.     As some point after I began my discussion with Amos Miller on January 22, 2020, tags that had not been on five of the freshly prepared beef carcass halves appeared on the carcasses with the words "pet food." In other words, someone added those tags during my visit to Miller's on that date.

6

20.     On that date, January 22, 2020, we served Miller's with a Notice of Detention and detained all of the freshly prepared beef carcasses (which in total weighed approximately 2,100 pounds) under Detention tag number 44255.

21.     On January 24, 2020, Compliance Investigator Ronczka and I returned to Miller's to conduct an inventory of the meat food and poultry products that Mr. Miller had allegedly sold to Anke Meyn, of Pastured Farm. Amos Miller refused to allow us access to Miller's facility, however, in violation of the Injunction Order (which enjoined him to provide such access) and the Meat and Poultry Acts. *See* 21 U.S.C. §§ 460(b) and 642. On that date, we were nevertheless able to provide Miller's with a Notice of Detention for the inventory that Mr. Miller alleged he had sold to Pastured Farm. (Notice of Detention, Product Control No. 26465.)

22.     On January 28, 2020, Investigator Ronczka and I returned to Miller's to verify and photograph the detained meat and poultry products, and Mr. Miller this time allowed access to Miller's facility. All of the Pastured Farm inventory appeared intact and in boxes now identified with labels that stated "Contents of this box are property of Pastured Farm Food Club, Anke Meyn, Owner/Manager. Items have been paid for as witnessed by the evidence on file and are on hold." We applied FSIS "U.S. Detained" Tag Numbers 129138, 129139, 120140, and 129141 to the Pastured Farm inventory. In total, we detained approximately 34,062 pounds of such meat food and poultry products.

23.     After entry of the November 19, 2019 Injunction Order, at least one of Miller's websites continued to offer meat and poultry products for sale on its "Price Lists" (dated January and February 2020), and included a request to members to declare if they would like fresh or frozen product delivered to them.

7

24.     As evidenced above, Miller's slaughtered and processed meat, poultry, meat food products, and poultry products, capable of use as human food, without benefit of Federal inspection, and with the intent to offer these articles for sale in commerce, in violation of 21 U.S.C. §§ 610(a) and 458(a)(1), respectively. These articles are not federally inspected and are therefore prohibited from sale or transport in commerce under 21 U.S.C. §§ 610(c)(2) and 458(a)(2). The articles remain detained and located at Miller's Organic Farm.

25.     Based on the above evidence, there is a preponderance of evidence that the subject meat and poultry articles should be seized and condemned under 21 U.S.C. §§ 467b and 673.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge.

Executed this _10_ day of February, 2020.

Paul J. Flanagan, Compliance Investigator
Compliance and Investigations Division
Office of Investigation, Enforcement and Audit
Food Safety and Inspection Service
United States Department of Agriculture

9

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
United States of America

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald B. Sullivan, AUSA, U.S. Attorney's Office, E.D.Pa.,
615 Chestnut Street, Suite 1250, Phila, PA  19106
(215) 861-8786

**DEFENDANTS**
2,100 Pounds, More or Less, of Meat Carcasses, etc., and
34,062 Pounds, More or Less, of Meat Food and Poultry Products
County of Residence of First Listed Defendant   Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**       **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander    Personal Injury |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine    Injury Product |  |  | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product    Liability |  | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | Exchange |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
|  | ☐ 362 Personal Injury -    Product Liability | Leave Act |  | ☒ 891 Agricultural Acts |
|  | Medical Malpractice |  |  | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence |  | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General |  |  | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of |
|  | Employment   **Other:** | ☐ 462 Naturalization Application |  | State Statutes |
|  | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration |  |  |
|  | Other    ☐ 550 Civil Rights | Actions |  |  |
|  | ☐ 448 Education    ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee -    Conditions of    Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. Sections 467b and 673
Brief description of cause:
In rem seizure/condemnation for violations of the Poultry Products Inspection Act and Federal Meat Inspection Act

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Edward G. Smith        DOCKET NUMBER   19-cv-1435

DATE   02/10/2020
SIGNATURE OF ATTORNEY OF RECORD
Gerald B. Sullivan, AUSA

FEB 10 2020

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

20    7571

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: USAO, E.D.Pa., 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106

Address of Defendant: Miller's Organic Farm, 648 Millcreek School Road, Bird- in-Hand, Pennsylvania 17505

Place of Accident, Incident or Transaction: Miller's Organic Farm, 648 Millcreek School Road, Bird-in-Hand, PA

---

*RELATED CASE, IF ANY:*

Case Number: 19-cv-1435          Judge: HONORABLE EDWARD G. SMITH          Date Terminated:

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☑    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☑    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/10/2020    _____    PA ID # 57300
(Must sign here)
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.    *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* 21 U.S.C. Sections 467b and 673

**B.    *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Gerald B. Sullivan, AUSA , counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

FEB 10 2020

DATE: 02/10/2020    _____    PA ID # 57300
Sign here if applicable
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | :<br>: | **20    757** |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| 2,100 Pounds, More or Less, of Meat Carcasses,<br>Parts of Carcasses, and Meat Food Products, and<br>34,062 Pounds, More or Less, of Meat Food and<br>Poultry Products,<br>Defendant. | :<br>:<br>:<br>:<br>: | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                 (X)

| | | |
|---|---|---|
| 2/10/2020 | Gerald B. Sullivan, Attorney-at-law | Plaintiff United States of America |
| Date | | Attorney for |
| | | |
| 215.861.8786 | 215.861.8618 | Gerald.Sullivan@usdoj.gov |
| Telephone | Fax Number | E-Mail Address |
| **(Civ. 660) 10/02** | | |

FEB 10 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **NO.** |
| **2,100 POUNDS, MORE OR LESS, OF** | : | |
| **MEAT CARCASSES, PARTS OF** | : | |
| **CARCASSES, AND MEAT FOOD** | : | |
| **PRODUCTS, and 34,062 POUNDS, MORE** | : | |
| **OR LESS, OF MEAT FOOD PRODUCTS** | : | |
| **AND POULTRY PRODUCTS,** | : | |
| | : | |
| **Defendants *in rem*.** | : | |

### ORDER AUTHORIZING WARRANT OF ARREST

Pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions, including Supplemental Rules A(1) and C(3)(a)(i), which supplement the

Federal Rules of Procedure and apply to this *in rem* proceeding, the Court has reviewed the

United States of America's Verified Complaint *In Rem*, with its supporting exhibits, initiating

this civil action for seizure and condemnation of defendant articles of property. The United

States alleges that those articles consist of: (a) 2,100 pounds, more or less, of meat carcasses,

parts of carcasses, and meat food products that are currently detained at Miller's Organic Farm in

Bird-in-Hand, Pennsylvania under United States Department of Agriculture (USDA), Food

Safety and Inspection Service (FSIS) Detained Tag Number 44255; and (b) 34,062 pounds of

meat food and poultry products that are currently detained at Miller's Organic Farm under

USDA FSIS Detained Tag Numbers 129138, 129139, 120140 and 129141. The United States

alleges that these defendant articles were slaughtered without the benefit of federal inspection

and with the intent that such articles be processed, sold, and transported in commerce, all in

The United States Attorney shall also notify every party known to have an interest in the Defendant Property.

BY THE COURT:

_____

UNITED STATES DISTRICT COURT JUDGE