IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : |
| | : NO. 20-757 |
| 2,100 POUNDS, MORE OR LESS, OF | : |
| MEAT CARCASSES, PARTS OF | : |
| CARCASSES, AND MEAT FOOD | : |
| PRODUCTS, and 34,062 POUNDS, MORE | : |
| OR LESS, OF MEAT FOOD PRODUCTS | : |
| AND POULTRY PRODUCTS, | : |
| | : |
| Defendants *in rem*. | : |

**ORDER AUTHORIZING WARRANT OF ARREST**

Pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, including Supplemental Rules A(1) and C(3)(a)(i), which supplement the Federal Rules of Procedure and apply to this *in rem* proceeding, the Court has reviewed the United States of America's Verified Complaint *In Rem*, with its supporting exhibits, initiating this civil action for seizure and condemnation of defendant articles of property. The United States alleges that those articles consist of: (a) 2,100 pounds, more or less, of meat carcasses, parts of carcasses, and meat food products that are currently detained at Miller's Organic Farm in Bird-in-Hand, Pennsylvania under United States Department of Agriculture (USDA), Food Safety and Inspection Service (FSIS) Detained Tag Number 44255; and (b) 34,062 pounds of meat food and poultry products that are currently detained at Miller's Organic Farm under USDA FSIS Detained Tag Numbers 129138, 129139, 120140 and 129141. The United States alleges that these defendant articles were slaughtered without the benefit of federal inspection and with the intent that such articles be processed, sold, and transported in commerce, all in

violation of the Federal Meat Inspection Act, as amended, 21 U.S.C. § 601, *et seq.*, and the Poultry Products Inspection Act, as amended, 21 U.S.C. § 451 *et seq.*

AND NOW, this 14th day of February, 2020, the Court FINDS that there is probable cause to believe that said defendant articles are subject to seizure and condemnation under 21 U.S.C. §§ 467b and 673, which provide that this proceeding is to "conform, as nearly as may be, to . . . proceedings in admiralty[.]" *See* 21 U.S.C. §§ 476b(a)(4); 673(a)(4).

IT IS ACCORDINGLY HEREBY ORDERED under Supplemental Rule C(3)(a)(1) that:

1. The Clerk of Court shall issue warrant for the arrest *in rem* of the defendant articles;

2. The Clerk's arrest warrant shall direct that, under Supplemental Rule C(3)(b)(ii) and Supplemental Rule E(4)(b), an authorized officer or employee of the United States shall execute the warrant and arrest the defendant articles and, subject to further order of this Court, either take the articles into custody or, if (as the United States' Complaint suggests) the character or situation of the articles is such that taking actual possession is impracticable, affix a copy of the process to the articles in a conspicuous place and leave a copy of the complaint and process with the person having possession or the person's agent;

3. Under Supplemental Rule C(4), if the defendant articles are not released within 14 days after execution of process, the United States must promptly give public notice of the action and arrest in a newspaper designated by court order and having general circulation in the Eastern District of Pennsylvania. Such notice shall notify all interested parties of: (a) the time within which a verified statement of interest in or right against the property, and answer, are required to be filed under Rule C(6) of the Supplemental Rules; and (b) the proper procedures for such filing under Rule C(6).

The United States Attorney shall also notify every party known to have an interest in the Defendant Property.

BY THE COURT:

_____
EDWARD G. SMITH, J.

Dated: 2/14/20